# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
E-Filed: August 12, 2014
UNPUBLISHED

```
* * * * * * * * * * * * *
RICHARD BERRISH,                *    No. 14-453V
                                *
                                *    Special Master
              Petitioner,       *    Hamilton-Fieldman
                                *
v.                              *
                                *
SECRETARY OF HEALTH             *    Ruling on Entitlement; Conceded
AND HUMAN SERVICES,             *    Influenza Vaccine; Shoulder Injury
                                *    Related to Vaccine Administration
              Respondent.       *    ("SIRVA").
                                *
* * * * * * * * * * * * *
```

Maximillian J. Muller, Muller, Brazil, LLP, Philadelphia, PA, for Petitioner.
Darryl R. Wishard, U.S. Department of Justice, Washington, DC, for Respondent.

### RULING ON ENTITLEMENT[1]

On May 27, 2014, Richard Berrish ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program ("the Program")[2] alleging that he received an influenza vaccination on October 11, 2012, and thereafter suffered a shoulder injury.  See

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned intends to post this decision on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002 § 205, 44 U.S.C. § 3501 (2006).  In accordance with the Vaccine Rules, each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy."  Vaccine Rule 18(b).  Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision.  If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 et seq. (hereinafter "Vaccine Act" or "the Act").  Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

Petition at 1.

On August 11, 2014, Respondent filed a Report pursuant to Vaccine Rule 4(c) in which he concedes that Petitioner is entitled to compensation in this case.  Respondent's Report at 1.  Specifically, Respondent agrees that Petitioner's alleged injury is consistent with a shoulder injury related to vaccine administration ("SIRVA"), and that his shoulder injury is related to the administration of the influenza vaccination he received on October 11, 2012.  Id.  Respondent further states that he has identified no other cause for Petitioner's SIRVA.  Id.  Based on a review of the medical records, Respondent states that Petitioner has met the applicable statutory requirements by suffering his condition for more than six months and that, therefore, Petitioner has satisfied all legal prerequisites for compensation under the Act.  Id.

A special master may determine whether a petitioner is entitled to compensation based upon the record.  A hearing is not required. §300aa-13; Vaccine Rule 8(d).  In light of Respondent's concession and a review of the record, the undersigned finds that Petitioner is entitled to compensation.  This matter shall now proceed to the damages phase.

**IT IS SO ORDERED.**

s/Lisa D. Hamilton-Fieldman
Lisa D. Hamilton-Fieldman
Special Master
